## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CR-0004-CVE** |
| | ) | |
| **JIMMIE ESTES THOMPSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion in Limine: Fed. R. Evid. 701 (Dkt. # 42).

Defendant seeks to preclude the government from introducing testimony from law enforcement

officers opining that the individual portrayed in surveillance photographs and videos from the bank

robbery on September 28, 2009 at MidFirst Bank near the intersection of 41st Street and Peoria

Avenue in Tulsa, Oklahoma, and the bank robbery on October 5, 2009, at the IBC Bank near the

intersection of 71st Street and Memorial Drive in Tulsa, Oklahoma is defendant.  Defendant argues

that the government intends to have law enforcement officers identify defendant as the bank robber

based on these photographs and videos.  The government argues that the officers would not provide

identification testimony but, rather, would provide testimony regarding their investigation and the

development of defendant as a suspect.  Dkt. # 44, at 3.

Federal Rule of Evidence 701 contains three requirements for lay opinion testimony.

First, the testimony must be 'rationally based on the perception of the witness.'
Second, the testimony must be 'helpful to a clear understanding of the witness'
testimony or the determination of a fact in issue.'  Third, the testimony must not be
'based on scientific, technical, or other specialized knowledge within the scope of
Rule 702.'

United States v. Contreras, 536 F.3d 1167, 1170 (10th Cir. 2008).  The second requirement is at issue here.  "A witness's identification testimony satisfies Rule 701's second requirement if 'there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury . . . .'" Id. (quoting United States v. Allen, 787 F.2d 933, 936 (4th Cir. 1986)).

In United States v. LaPierre, 998 F.2d 1460, 1465 (9th Cir. 1993), the Ninth Circuit held that the district court erred in permitting the investigating police officer's lay opinion testimony that the defendant was the individual portrayed in bank surveillance photographs.  The LaPierre court noted that such testimony was "of dubious value" because "[t]he jury . . .  was able to view the surveillance photos . . .  and make an independent determination whether it believed that the individual pictured in the photos was in fact [defendant]."  Id.  The court identified two types of cases in which such identification testimony would be helpful: cases in which the witness had "substantial and sustained contact with the person in the photograph;" and where the "defendant's appearance in the photograph is different from his appearance before the jury and the witness is familiar with the defendant as he appears in the photograph."  Id.  In those types of cases, there would be reason to believe that the witness is more likely to correctly identify the person than the jury.  Id.

The Tenth Circuit discussed LaPierre in United States v. Bush, 405 F.3d 909, 917-18 (10th Cir. 2005).  In Bush, the trial court permitted an undercover detective who had spoken with the defendant in person on three occasions to opine that the voice in a recording was the defendant's.  The Tenth Circuit distinguished LaPierre and held that the testimony was admissible.  Id.  In Bush, the jury did not have the opportunity to hear the defendant's voice in person because he exercised

2

his right not to testify.  Id. at 917.  Therefore, the officer was in a better position to identify the defendant's voice than the jury.  Id.  The Tenth Circuit has also determined that a probation officer's identification was admissible where the officer had met with the defendant in person on multiple occasions.  Contreras, 536 F.3d at 1171.  The Tenth Circuit found that these meetings gave the officer "the opportunity to develop a more sophisticated mental picture of Contreras's appearance outside the sterile, one-dimensional atmosphere of the courtroom.  Therefore, her identification was helpful to the jury because she had a 'greater appreciation of [Contreras's] normal appearance.'" Id. (quoting United States v. Borrelli, 621 F.2d 1092, 1095 (10th Cir. 1980)).

To the extent that the officers would make an in-court identification of defendant, that testimony is more similar to LaPierre than the cases in which the Tenth Circuit permitted the testimony.  The police officers had no contact with the defendant prior to arresting him.  See Dkt. # 35, at 3 (describing how Tulsa Police Department detectives  received tips that identified defendant as the robbery suspect and then compared surveillance photographs and videos with preexisting photographs of defendant).  They have no prior or particular knowledge of his appearance.  In this case, there is no reason that the officers would be in a better position to identify the defendant based on a comparison of the surveillance photographs and videos and defendant's appearance than the jury would be.  Therefore, the officers may not testify that defendant is the same person as in the surveillance videos and photographs.

However, to the extent that the officers' testimony would concern their investigation, including the fact that they believed that defendant was the person in the surveillance videos and photographs, such testimony does not fall under Rule 701.  The officers' testimony regarding the development of the investigation and the basis for defendant's arrest is admissible.

3

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine: Fed. R. Evid. 701

(Dkt. # 42) is **granted in part and denied in part** as outlined above.

**IT IS SO ORDERED** this 19th day of March, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT