UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0004-CVE |
| ) | (16-CV-0772-CVE-FHM) |
| JIMMIE ESTES THOMPSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 117), deemed filed on June 24, 2016 (the date the motion for authorization was filed in the Tenth Circuit Court of Appeals) (Dkt. # 116, at 4). Defendant Jimmie Estes Thompson is currently serving a sentence of 744 months after having been found guilty by a jury of two counts of bank robbery (counts one and three), two counts of possessing a firearm in furtherance of a crime of violence (counts two and four), and one count of felon in possession of firearm and ammunition (count five). The Tenth Circuit Court of Appeals has granted defendant authorization to file a second or successive motion under 28 U.S.C. § 2255 challenging his conviction as to counts two and four in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), and his sentencing enhancement under the Armed Career Criminal Act (ACCA) in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Plaintiff filed a motion to dismiss defendant's § 2255 motion (Dkt. # 127), and defendant filed a response/reply (Dkt. # 132).

On February 2, 2010, a grand jury returned a superseding indictment charging defendant with the above listed crimes.[1]  Dkt. # 18.  Defendant went to jury trial on all five counts.  He was convicted of all counts after a one-day trial.  See Dkt. ## 56, 69.  Defendant was sentenced to 744 months imprisonment—240 months per count as to counts one and three to run concurrently with each other; 360 months as to count five to run concurrently with counts one and three; 84 months as to count two to run consecutively to counts one, three, and five; and 300 months as to count four to run consecutively to all other counts.  Dkt. # 69.  Defendant's convictions and sentences were affirmed on appeal.  Dkt. ## 81, 82.

Defendant filed an initial § 2255 motion, which was denied by the Court and affirmed on appeal.  Dkt. ## 102, 112.  Defendant sought permission from the Tenth Circuit Court of Appeals to file a second or successive § 2255 motion, and that request was granted on May 14, 2020.  Dkt. # 116.  The Tenth Circuit authorized defendant, pursuant to United States v. Davis, 139 S. Ct. 2319, 2336 (2019), and Johnson v. United States, 135 S. Ct. 2551 (2015), to challenge his 18 U.S.C. § 924(c) convictions (counts two and four) and his sentencing enhancement under the ACCA.  Id. at 3.[2]

---

[1] The original indictment charged counts one through four only.  Dkt. # 2.

[2] Defendant also alleged that the enhancement of his sentence under the career offender guideline, which has an identically worded residual clause as that in the ACCA, is invalid under Johnson.  Dkt. # 116, at 2.  The Tenth Circuit concluded that defendant has not made the required prima facie showing to challenge the sentencing enhancement under the career offender guideline based on Johnson, id. at 3, and denied a certificate of appealability as to that issue.

**I.**

In Johnson, the Supreme Court considered whether the residual clause of the ACCA, 18 U.S.C. § 924(e), was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. The ACCA provided that a "violent felony" was:

> any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. at 2555 (italics in original). The final clause of this section of the statute is known as the residual clause. The Supreme Court considered its prior cases interpreting the residual clause and noted the uncertainty in its prior decisions, and found that "this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." Id. at 2558. The Supreme Court found that the residual clause was unconstitutionally vague, but the Supreme Court did not call into question the validity of the remainder of the ACCA. Id. at 2563. In subsequent decisions, the Supreme Court applied the reasoning of Johnson to other statutes with similar language, and in two cases found that a residual clause in a federal criminal statute was unconstitutionally vague. Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because it provided no objective way to determine what crimes may ordinarily fit within the definition or what level of risk would be needed to commit a qualifying offense); Davis, 139 S. Ct. 2319 (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson). The

3

Tenth Circuit has determined that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019).

Relevant to defendant's § 2255 motion, he was convicted of two counts of bank robbery (counts one and three) and two counts of possession of a firearm in furtherance of a crime of violence (count two and four), and the crime of violence necessary to support defendant's conviction for counts two and four is bank robbery. Defendant argues that his § 924(c) conviction is no longer valid, because bank robbery could only meet the statutory definition of "crime of violence" under the residual clause that was found unconstitutional in Davis. When defendant was convicted, a "crime of violence" could be any offense that"

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B) is the residual clause that was found unconstitutional in Davis, and an offense must now qualify under § 924(c)(3)(A), known as the elements clause, in order to serve as a predicate offense for a § 924(c) conviction. Before Davis, the Tenth Circuit determined that bank robbery qualifies as a crime of violence under the elements clause. United States v. Deiter; 890 F.3d 1203, 1211 (10th Cir. 2018); United States v. Higley, 726 Fed. App'x 715, 717-18 (10th Cir. 2018) (unpublished).[3] Every circuit that has confronted the same issue after Davis has held that bank robbery qualifies as a crime of violence under the elements clause. See, e.g., United States v.

---

3   Unpublished decisions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Gathercole, 795 Fed. App'x 985, 986 (8th Cir. 2020); United States v. Tubbs, 804 Fed. App'x 538, 539 (9th Cir. 2020); United States v. Pervis, 937 F.3d 546, 553 (5th Cir. 2019); United States v. Alston, 795 Fed. App'x 659, 661 (11th Cir. 2019). Defendant's § 2255 motion ignores Deiter and Higley, and he fails to acknowledge that his arguments are foreclosed by binding Tenth Circuit precedent. The Court finds that bank robbery is a crime of violence under § 924(c)(3)(A), and defendant's convictions under § 924(c) (counts two and four) are valid after Davis, and his Davis claim should be denied.

## II.

Defendant argues that his five predicate convictions for Oklahoma robbery with firearms do not qualify as violent felonies under the Armed Career Criminal Act (ACCA). His argument relies on Johnson v. United States, 135 S. Ct. 2551 (2015).

Under the ACCA, a person convicted under 18 U.S.C. § 922(g)(1) faces an enhanced sentence if he or she has three prior convictions for violent felonies. 18 U.S.C. § 924(e). Section 924(e)(2)(B) defines a "violent felony" as any felony that

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. (italics in original highlighting the residual clause) Although Johnson invalidated the residual clause of § 924(e)(2)(B)(ii), the Court specifically noted that its holding did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2558. Therefore, a defendant sentenced under the ACCA

cannot show that his claim relies on Johnson if he has at least three prior felony convictions that still qualify as violent felonies under the elements clause.

Defendant's relevant ACCA predicate convictions were for Oklahoma Robbery with Firearms, in violation of OKLA. STAT. tit. 21, § 801. Oklahoma defines robbery as a "wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." OKLA. STAT. tit. 21, § 791. A defendant is subject to an increased penalty if he or she "with the use of any firearms or any other dangerous weapon . . . robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons." OKLA. STAT. tit. 21, § 801. The elements of robbery with a dangerous weapon under § 801 include wrongful taking of property from another "by force/fear" using a dangerous weapon. Primeaux v. State, 88 P.3d 893, 906 (Okla. Crim. App. 2004).

Since Johnson was decided, the Tenth Circuit has consistently held that Oklahoma robbery with a dangerous weapon under § 801 requires "proof of the use, threatened use, or attempted use of physical force." United States v. Hill, 722 Fed. App'x 814, 817 (10th Cir. 2018) (robbery with firearm under § 801); see United States v. Byers, 739 Fed. App'x 925, 928 (10th Cir. 2018) (robbery with a firearm under § 801).

Thus, defendant's convictions for Oklahoma robbery with firearms are violent felonies under the elements clause of the ACCA based upon Tenth Circuit precedent, and, therefore, he cannot show that his enhanced sentence relied on the ACCA's residual clause. Defendant's claim under the ACCA residual clause should be denied.

### III.

The Court has considered the issues raised in defendant's § 2255 motion (Dkt. # 117), and finds that his motion should be denied. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue, as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 117) is **denied** on the merits. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss defendant's second or successive § 2255 motion (Dkt. # 127) is **denied** because defendant was granted authorization to file the § 2255 motion by the Tenth Circuit Court of Appeals.

**DATED** this 4th day of August, 2020.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE